## Federal Kemper Insurance Co. v. Sease

*Timothy J. Shultis,* for complainant.
*Michael A. George,* for defendant.

KUHN, *J.,* October 25, 1994—On July 12, 1993, plaintiff filed a complaint for declaratory judgment. The issue focuses on the meaning of 75 Pa.C.S. §§1705 and 1731 as they relate to the following stipulated facts.

On January 1, 1993, defendant, Debbie L. Sease, was operating a Chrysler automobile on S.R. 234 in Tyrone Township, Adams County when she was negligently struck by a vehicle operated by Daniel C. Perez but owned by Branly J. Hernandez. Defendant suffered personal injuries but nothing that involved serious impairment of any body function nor permanent serious disfigurement.

The Perez vehicle was uninsured. Defendant's vehicle was insured by plaintiff under a policy where the insured had selected the limited tort option. Defendant has demanded non-economic damages from plaintiff under the uninsured motorist provisions of her policy while plaintiff denies any obligation to pay such damages.

The issue before the court seems to be one of first impression. Plaintiff has denied coverage to defendant

on the basis of two theories, *i.e.* contractual and statutory exclusion.

Plaintiff's policy issued to defendant provides as follows:

"(B) We do not provide uninsured motorists coverage for non-economic loss sustained by any person to whom the limited tort alternative applies, resulting from bodily injury caused by an accident involving an uninsured motor vehicle, unless the bodily injury sustained is a serious injury.

"This exclusion does not apply:

"(1) If the owner or operator of the uninsured motor vehicle:

"(a) Is convicted, or accepts Accelerated Rehabilitative Disposition, for driving under the influence of alcohol or a controlled substance in that accident;

"(b) Is operating a motor vehicle registered in another state; or

"(c) Intends to injure himself or another person, provided that the individual does not intentionally injure himself or another person merely because his act or failure to act is intentional or done with his realization that it creates a grave risk of causing injury if the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person."

It appears that under the clear and unambiguous express language of the policy defendant is excluded from receiving non-economic benefits if she 1) selected the limited tort option, 2) did not suffer serious injury, and 3) the accident involved an uninsured motor vehicle. Each of these elements are admitted. Therefore, unless there are statutory provisions suggesting that the policy exclusion is invalid defendant would be excluded from recovering non-economic loss for this accident.

Defendant argues that the subject insurance policy contravenes provisions of the Motor Vehicle Financial Responsibility Law. 75 Pa.C.S. §1705(d)(1)(iv) provides

"(a) Limited tort alternative ... Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any non-economic loss, except that:

"(1) An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault: ...

"(iv) has not maintained financial responsibility as required by this chapter, provided that nothing in this paragraph shall affect the limitation of section 1731 (d)(2) (relating to availability, scope and manner of coverage)."

It is clear from section 1705(d)(1)(iv) that a person like defendant, who elects the limited tort option and does not sustain serious injury may nevertheless, by filing a lawsuit, recover the full damages caused by the fault of another as if the injured party had elected the full tort alternative if the person at fault, like Perez, is uninsured (subject to any limitations under section 1731(d)(2)).

Section 1731(d)(2) provides:

"(2) A person precluded from maintaining an action for non-economic damages under section 1705 (relating to election of tort options) may not recover from uninsured motorist coverage or underinsured motorist coverage for non-economic damages."

It is clear from this section that the legislature intended to limit recovery of uninsured benefits if one had elected the limited tort option and was not seriously injured.

When sections 1705(d)(1)(iv) and 1731(d)(2) are read together the court concludes that defendant cannot recover non-economic benefits in this case from plaintiff. These sections provide that one may not seek uninsured benefits from his insurance carrier for non-economic benefits when he has elected the limited tort option. The rationale behind such an analysis involves a consideration of the goal to be achieved by the particular section involved. Under section 1705(d)(1)(iv) the legislature is determined not to reward a negligent uninsured motorist by allowing him to escape civil liability for his conduct because he happened to injure a person who had elected the limited tort option and had not suffered serious injury. Under section 1731(d)(2) the legislature is addressing a wholly different concern. There the legislature recognizes that as between the insured, injured motorist who elected the limited tort option and his insurance carrier the carrier should not have to pay benefits where the insured was not seriously injured whether or not the insured was injured by an insured or uninsured driver. The former concerns policy while the latter recognizes contractual rights and obligations. Certainly an insured has the option to elect the full tort option, pay a higher premium, and not sacrifice his rights to recover uninsured benefits. However, where the insured elects the limited option then he forfeits the more expansive coverage.

Accordingly, the attached order is entered.

## ORDER

And now, October 25, 1994, based upon consideration of stipulated facts, declaratory judgment is entered in

favor of plaintiff and against defendant, and the court finds that plaintiff owes no duty to pay non-economic damages to defendant as a result of the motor vehicle accident on January 1, 1993.